No. 34,847

MARY A. GIFFORD, *Appellant,* v. H. B. WHEELER, *Appellee.*

(106 P. 2d 684)

Opinion filed November 9, 1940.

*Paul H. Ditzen,* of Kansas City, and *F. M. Funston,* of Ottawa, for the appellant.

*F. M. Harris* and *B. W. Kelsey,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for damages for the death of the husband of plaintiff. Judgment was for the defendant. Plaintiff appeals.

After the necessary allegations of relationship, the petition alleged that the husband of plaintiff was working for defendant on his farm; that defendant ordered him to go into a hayloft and throw down some kaffir corn; and that deceased fell from the loft and sustained injuries from which he died. The petition charged several acts of negligence, but these, all taken together, amount to an allegation that defendant ordered deceased to perform certain work in a dangerous place without warning him of its dangerous character.

The answer was in effect a general denial coupled with an allegation that deceased was guilty of contributory negligence.

The demurrer of defendant to the evidence of plaintiff on the ground that it was not sufficient to prove any cause of action was sustained. Hence this appeal.

The evidence of plaintiff which tends to establish her cause of action must be taken as true, and every reasonable presumption must be made and inference drawn favorable to the plaintiff.

The evidence shows that deceased was employed by defendant to help a man named Carpenter haul manure from a barnyard on the

farm of defendant; that Carpenter testified that on the day deceased was injured after the last load of manure had been loaded defendant said something to deceased about a broom; that deceased swept the driveway out sometimes; that he did not know about deceased ever going into the loft; that he had no work for him to do there; that there was a hole about four by five feet in the loft; that he saw a little kaffir corn hanging over the edge of the hole. He testified further that he saw deceased lying on the concrete floor beneath the hole; that there were four or five bundles of kaffir corn lying there on the floor; that deceased wanted him to get the shovel from under his back.

Another witness testified that on the day in question he was scraping some dirt for defendant at the farm and deceased was holding the scraper for him; that he heard defendant tell deceased he wanted to clean some bins and for him to go to his car and get a broom; that he did not know whether deceased got the broom out of his car or not; that the next thing he noticed was deceased lying on the ground; that the hole in the loft did not have any railing around it.

At this point the plaintiff rested, and the defendant offered a demurrer to the evidence of plaintiff. The trial court was about to sustain this demurrer, whereupon plaintiff asked permission to reopen the case by putting defendant on the stand. This was permitted over the objection of defendant.

Defendant testified that deceased was employed by Carpenter; that he knew deceased was helping Burns; that after the last load of manure was loaded he asked deceased to get a broom out of the car to clean the bins; that there was no mention of any shovel; that there was no sweeping to be done in the loft.

The demurrer to the evidence of plaintiff was then renewed by defendant and sustained by the trial court. Hence this appeal.

Plaintiff first argues that the evidence shows clearly that deceased was in the employ of defendant. This might be a debatable point, but for the purpose of this opinion we shall concede such to be the case.

Plaintiff next argues that having made deceased his employee, defendant was under an obligation to furnish him a safe place to work. Plaintiff bases this argument on the proof that bales of kaffir corn protruded over the edge of the hole in the floor. There was no railing around the hole and the loft was poorly lighted. The trouble with

that argument is that the record is devoid of any evidence that deceased was required or ordered to do anything by defendant or anyone else which would require his presence in the loft. As to what took him to the loft, we are left entirely to speculation and conjecture. Judgments will not be allowed to rest upon such a record.

The same may be said of the argument that defendant did not furnish the necessary tools and equipment to clean the bins and granaries. There is no evidence whatever in this record that the tools needed by deceased would be found in the loft.

Plaintiff next argues that defendant failed to warn deceased of the danger in the loft. Since—as we have pointed out—there was no evidence that defendant sent deceased to the loft or ordered him to go there, there was no duty on defendant to warn him.

Finally, plaintiff argues that the instructions given deceased were general enough to amount to an instruction to go to the loft. Plaintiff argues that deceased may have been looking for a bin in the loft. We are bound to indulge all reasonable inferences in favor of the plaintiff, but are not bound to draw unreasonable conclusions and to indulge in speculation and conjecture.

The judgment of the trial court is affirmed.